UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LATOYIN V. DAVIS,
ADC #138224                                                                                           PLAINTIFF

v.                                              1:09CV00045HLJ

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                                                              DEFENDANTS

MEMORANDUM AND ORDER

This matter is before the Court on the motion to dismiss filed by defendant Correctional Medical Services, Inc. (CMS) (DE #64).  Plaintiff has filed a response in opposition to the motion (DE #91).

Plaintiff is a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department of Correction (ADC).  He filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs, in violation of his Eighth Amendment right, while he was incarcerated at the North Central Unit of the ADC.  In his amended complaint (DE #15), plaintiff alleges defendant CMS was constantly made aware of his problems through sick call requests and inmate request forms.  In addition, plaintiff states defendant failed to ensure timely treatment and displayed his x-rays in an area where other staff could view them.   Plaintiff asks for monetary relief from all defendants.

In support of its motion to dismiss, defendant CMS states plaintiff's complaint against it is based on respondeat superior liability, which is not applicable in an action filed pursuant to § 1983. Defendant states plaintiff's allegations against it are based on specific acts or omissions of its employees, and plaintiff is attempting to impute their conduct to CMS based on respondeat superior liability.  Defendant states it can be held liable only for personally participating in the particular act at issue, or upon a showing that it established or implemented an unconstitutional policy or custom which is causally related to the

violation of constitutional rights, citing Patzner v. Burkett, 779 F.2d 1363, 1367 (8th Cir. 1985). Defendant states plaintiff's allegation against it – that it failed to provide him with adequate medical care and treatment – fails to allege such a policy or custom, and is based solely on the alleged failure of CMS to supervise its employees.

In his response, plaintiff asks the Court not to dismiss the lawsuit he has filed, and cites case law in support of his Eighth Amendment claims against defendants. He does not, however, address defendant CMS's argument that he is attempting to impute the acts of individual CMS employees to defendant CMS, based on respondeat superior.

The Court finds plaintiff's allegations against defendant CMS are based solely on its supervision, or lack thereof, of its employees, and therefore, it should be dismissed in this § 1983 action. As mentioned above, a corporation acting under color of state law (such as defendant CMS) will only be held liable for its own unconstitutional policies and can not be held liable under a respondeat superior theory. Sanders v. Sears Roebuck & Company, 984 F.2d 972 (8th Cir. 1993). See also Rizzo v. Goode, 423 U.S. 362 (1976), where the Court held the doctrine of respondeat superior is inapplicable in an action filed pursuant to 42 U.S.C. § 1983. In this case, plaintiff clearly attempts to hold defendant CMS liable as respondeat superior, and does not allege an unconstitutional policy, or a series of events from which this court could infer the existence of a policy that resulted in the alleged violation. Accordingly,

IT IS, THEREFORE, ORDERED that the motion to dismiss filed by defendant CMS (DE #64) is hereby GRANTED, and defendant CMS is dismissed from plaintiff's complaint.

IT IS SO ORDERED this 16th day of April, 2010.

/s/Henry L. Jones, Jr.
United States Magistrate Judge