IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

LATOYIN DAVIS,
ADC #138224                                                                                              PLAINTIFF

1:09CV00045JTK

CORRECTIONAL MEDICAL
SERVICES, INC., et al.                                                                              DEFENDANTS

<u>ORDER</u>

This matter is before the Court on plaintiff's motions to compel, for order, for counsel, for disclosure, and for a jury trial (Doc. Nos. 103, 105, 109, 110, 117-119, 125). Defendants have filed responses to several of the motions (Doc. Nos. 115, 116, 121, 126).

Initially, the Court will address plaintiff's motion for counsel. Plaintiff is a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983, alleging deliberate indifference by defendants to his serious medical needs when he was forced to walk on a broken leg for two weeks before receiving x-rays and surgery. Plaintiff alleges injuries as a result of defendants' actions and asks for money damages. In his motion for counsel, plaintiff states that he is in need of medical records, x-rays and other evidence which he can not obtain while incarcerated, and that the appointment of counsel would enable him to present the complex issues with more clarity. The Court finds that the appointment of counsel would be beneficial to the plaintiff and to this Court, and will grant plaintiff's motion. Counsel will be appointed by a separate order.

In light of the Court's decision to appoint counsel, the Court will deny plaintiff's motions to compel and for order without prejudice. Plaintiff's appointed counsel may file requests for discovery after reviewing the case file and meeting with the plaintiff.

The Court also notes that plaintiff's motions for disclosure (Doc. Nos. 117, 118) are actually requests for discovery, and should be redocketed as such. Plaintiff's motion for the

1

appointment of an investigator (Doc. No. 119) also will be denied, in light of the Court's decision to appoint counsel for plaintiff.

Finally, plaintiff has filed a jury demand (Doc. No. 125), which this Court construes as a motion for a jury trial. Defendants have filed a response objecting to such as untimely (Doc. No. 126). According to Fed.R.Civ.P. 38(b), a party may demand a jury trial by serving a demand in writing no later than ten days after the service of the last pleading directed to such issue. In this case, defendants filed their answers to plaintiff's amended complaint on October 27, 2009 and October 30, 2009 (Doc. Nos. 22, 30). However, plaintiff did not file his jury demand until July 2, 2010. Therefore, the Court finds that plaintiff's motion was not timely filed, since it was filed more than ten days after the filing of defendant's answer. Accordingly,

IT IS, THEREFORE, ORDERED that plaintiff's motion for the appointment of counsel (Doc. No. 109) is hereby GRANTED. Counsel will be appointed by separate Order.

IT IS FURTHER ORDERED that plaintiff's motions to compel (Doc. Nos. 103, 110), for order (Doc. No. 105), and for the appointment of an investigator (Doc. No. 119) are hereby DENIED without prejudice.

IT IS FURTHER ORDERED that plaintiff's jury demand, which this Court construes as a motion for jury trial (Doc. No. 125) is hereby DENIED. The Clerk is directed to reflect such on the docket sheet.

IT IS FURTHER ORDERED that plaintiff's motions for disclosure (Doc. Nos. 117, 118) are actually discovery requests to the defendants and should be re-docketed as such.

IT IS SO ORDERED this 9th day of July, 2010.

_____
United States Magistrate Judge